IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
EASTERN DIVISION

| | |
|---|---|
| JASON DANE HARRIS, ET AL., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:13-CV-00076-KOB |
| FISHER-PRICE INC., ET AL., ) | |
| ) | |
|     Defendant. ) | |

### ORDER

This matter comes before the court on Defendants' "Motion for More Definite Statement and Extension of Time to Respond to the Third Amended Complaint." (Doc. 56). Pursuant to Fed. R. Civ. P. 12(e), Defendants request that the court order the Plaintiffs to provide a more definite statement as to seven discrete aspects of their allegations in the Third Amended Class Action Complaint. The court finds that Defendants' motion complies with the requirements of Rule 12(e), in that it was "made before filing a responsive pleading" and "point[s] out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). The court GRANTS the motion IN PART and DENIES the motion IN PART.

The court first notes that Rule 12(e) sets out a very high standard by which the court is to determine whether to grant a motion for a more definite statement: the complaint must be "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Furthermore, a party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery. *See Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) ("A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial

discovery proceedings.")

In this case, some of the Defendants' desired details are directed at fleshing out the specific facts regarding each plaintiff. As another court has recently stated: "Rule 12(e) does not require plaintiffs to provide a plaintiff-by-plaintiff breakdown of specific factual allegations or to provide painstaking detail distinguishing each plaintiff's claims from each other plaintiff's claims." *Abrams v. CIBA Specialty Chemicals Corp.*, No. 08-0068-WS-B, 2008 WL 4183344, at *4 (S.D. Ala. Sept. 10, 2008). As such, the court DENIES Defendants' motion as to requests (ii), (iii), (iv), and (vi).

The court does, however, see certain deficiencies in the Plaintiffs' Third Amended Class Action Complaint that hinder the Defendants' ability to respond. As Defendants point out, the complaint is unclear as to the identities of all of the named plaintiffs. Various individuals are listed in the opening paragraph (doc. 54, 1-2), but not all of them are identified as parties later in the complaint (doc. 54, ¶¶ 2-12). In addition, the complaint defines eight "State Sub-Classes" (doc. 54, ¶ 28), but three of the four counts alleged refer only to "Plaintiffs" or the "Entire Class," a term that is never defined in the complaint. These Sub-Classes are broken down by state, yet two of the four counts make claims under specific state laws—the Alabama Extended Manufacturer's Liability Act ("AEMLA") and the California Business & Professions Code. Although the Plaintiffs do limit application of the AEMLA to the "Alabama Plaintiffs," they assert no such limitation for the California claim. The Plaintiffs do not clarify whether they intend for the California state laws to apply to the Plaintiffs from Idaho, Oklahoma, and other states.

A plaintiff may not simply reach out and grab any law that suits her needs, regardless of what state passed the law, even in an asserted nationwide class action. "In federal court actions

where the substantive rights are governed by state law, the court must apply the choice-of-law rules of the forum state courts. Even in a nationwide class action, the constitutional limitations on choice of law must be respected." 6A Fed. Proc., L. Ed. § 12:7. Alabama's choice of law rules require the application of the *lexi loci delicti* principal in tort suits, which determines the substantive rights of injured parties according to the law of the state where the injury occurred. *See Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819 (Ala. 1992). Plaintiffs in this case fail to assert how the Entire Class derives its standing to sue under each of the counts, particularly Count Four under California law. Defendants cannot adequately respond unless they know how the Plaintiffs assert standing under each count; therefore, a more definite statement as to standing is necessary.

Furthermore, an inherent inconsistency exists between the AEMLA claim and the strict liability claim. In *Tuscumbia City School System v. Pharmacia Corp.*, Judge Smith explained that "a more definite statement is proper in order to resolve the inconsistency between, on one hand, the pleading of a claim under Alabama's Extended Manufacturer's Liability Doctrine and, on the other hand, the characterization of that claim as one for 'strict liability in tort.'" No. CV-12-S-332-NW, 2012 WL 5932070, at *3 (N.D. Ala. Nov. 27, 2012). Just as Judge Smith found that a more definite statement was needed in that case, this court also finds that it is the proper course here.

The court ORDERS the Plaintiffs to provide a more definite statement as to their allegations contained in the Third Amended Class Action Complaint as follows:

(i) State whether KRC, ANJ, GP, MRS, CLY, and RAZ are Plaintiffs and, if so, provide each of their states of domicile;

(v) Clarify the standing of the Entire Class on behalf of which Counts One, Two, and

Four are asserted;

(vii) For each Count, state which Plaintiffs are seeking relief and on behalf of which class or subclass, if any.

The court ORDERS the Plaintiffs to provide this more definite statement within 14 days of this Order, in compliance with Rule 12(e). Plaintiffs' statement shall be due by November 7, 2013. The court also GRANTS Defendants' motion for an extension of time in which to file their answer or other responsive pleading, and ORDERS that Defendants' responsive pleading is due by November 21, 2013.

DONE and ORDERED this 24th day of October, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE