IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JASON DANE HARRIS and RACHAEL MARIE DABBS HARRIS, as next friend of P.D.H., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> FISHER-PRICE, INC., MATTEL, INC., et al., <br><br> Defendants. | CIVIL ACTION NO. CV: 13-00076-KOB |

### PLAINTIFFS' MORE DEFINITE STATEMENT

Counsel for the above-captioned Plaintiffs hereby provide a More Definite Statement in accordance with this Court's Order of October 24, 2013. The More Definite Statement is offered as to the allegations contained in the Third Amended Class Action Complaint ("TAC") as follows:

### I. RESPONSE TO SECTION (I) REGARDING STATES OF DOMICILE

1. The Court requested additional information on six names added to the TAC and their states of domicile - it is as follows:

- Tequila and Justin Childers, as next friends of K.R.C., State of Alabama;

- Nicole Lawley, as next friend of A.N.J., State of Alabama;

- Alicia Cretaro and David Pierce, as next friends of G.P., State of California;

- Kevin Sanderson and Caitlin Murphy, as next friends of M.R.S., Commonwealth of Massachusetts;

- Kelly Earls and Adam Yazell, as next friends of C.L.Y., State of Ohio; and,

1

- Mollee Robinson, as next friend of R.A.Z., State of Florida.

KRC, ANJ, GP, MRS, CLY and RAZ are minors and, therefore, bring their claims by and through their parents and next friend(s).

## II. RESPONSE TO SECTION (v) CLARIFYING STANDING

2. Section (v) of the Court's Order (p. 3-4) requests clarification regarding standing of the Putative Class to bring Counts One, Two, and Four. Standing for each of these counts is addressed in turn below.

3. In order to establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact,[1] (2) a causal connection between the injury and the conduct complained of,[2] and (3) that the injury is likely to be redressed by a favorable decision.[3] *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992).

4. The Third Amended Complaint ("TAC") alleges:

> Plaintiffs and the Class purchased or acquired the Sleeper for their infant babies because the product was marketed by Defendants as the "perfect solution" for caregivers to "soothe" their infants into "securely" "napping and playing….the day away." The Sleeper, however, contains a design defect that makes the cradle unfit for infant children and unreasonably dangerous. (TAC, ¶ 18)
>
> Defendants knew, prior to the sale of the Sleeper to Plaintiffs and the Class that a substantial risk of mold growth was present. Nevertheless, Defendants failed to disclose that risk to Plaintiffs and the Class. Thereafter, the undisclosed risks manifested itself into a myriad of health problems, including: Respiratory Syncytial Virus ("RSV"), Asthma,

---

[1] Plaintiffs and the Proposed Class allege that the mold from the Sleeper caused a "myriad of health problems, including: Respiratory Syncytial Virus ("RSV"), Asthma, Bronchitis, chronic coughing, hives, and other maladies" (TAC, ¶ 19) and, that the Plaintiffs also incurred monetary damages and suffered loss of use and value of their Sleepers. (TAC, ¶ 24)

[2] Plaintiffs further allege that, "[a]s a result of the product defect, Plaintiffs and members of the Proposed Class were and continue to be injured." (TAC, ¶ 25)

[3] Plaintiffs also allege that Plaintiffs and Class Members have incurred damages in an amount to be determined at trial, and are entitled to compensatory and punitive damages.

Bronchitis, chronic coughing, hives, and other maladies. Mold can also release mycotoxins, which are toxic to lung cells. (TAC, ¶ 19)

The Defendants' product, the Sleeper, was defective because of a substantial danger to users, unknown to ordinary consumers but known or knowable to the Defendants, and the Defendants failed to give adequate warnings of the danger. (TAC, ¶ 20)

U.S. consumers reasonably expect that their child's baby seat will not develop harmful mold due to defective design and manufacturing processes, and U.S. consumers simply had no expectation that Defendants' Sleeper would develop mold. (TAC, ¶ 21)

Defendants' material and affirmative misrepresentations regarding the safety of the Sleeper are contrary to every State's law. (TAC, ¶ 22)

The Defendants advertised and marketed the Sleeper as being "safe" and "secure" for infants. (TAC, ¶ 23)

As a consequence of Defendants' false and misleading statements regarding the quality, safety and performance of the Sleeper, Plaintiff and the Proposed Class purchased and currently own Sleepers that do not and cannot perform as promised. As a result of Defendants' false advertising, Plaintiffs and the Proposed Class have incurred monetary damages and suffered loss of use and value of their Sleepers. (TAC, ¶ 24)

As a result of the product defect, Plaintiffs and members of the Proposed Class were and continue to be injured. (TAC, ¶ 25)

### A. Plaintiffs have standing to pursue Count One.

5. Count One is a Strict Liability claim brought on behalf of all Plaintiffs (excluding Alabama residents) and the Putative Class. The non-Alabama Plaintiffs are residents of seven states,[4] all of which have adopted the strict liability principles set out in *Restatement (Second) of*

---

[4] See TAC, ¶ 28 (sets forth each state subclass).

*Torts* § 402A (1965).[5] As a result, the states' strict liability laws are "congruent in nearly all respects."[6]

6. The named Plaintiffs and putative class members have standing to bring strict liability claims under the laws of their respective states because the Third Amended Complaint clearly alleges that the "Sleeper was defective and unreasonably dangerous to consumers when the Sleeper left Defendants' control." (TAC, ¶ 48); see also Restatement (Second) of Torts § 402A (1965).

7. This conduct caused an injury-in-fact[7] which may be cured by a favorable ruling from the Court. (TAC, ¶ 48) *See Lujan,* 504 U.S. at 559.

**B.  Plaintiffs Have Standing to Pursue Count Two.**

8. Count Two is a Negligence claim brought on behalf of all Plaintiffs and the Proposed Class. All named Plaintiffs reside in states which permit a cause of action for negligence in a product liability action. While there are nuances in negligence laws among the states, "all states use the same elements to define a cause of action for negligence." *In re Telectronics Pacing Systems, Inc.*, 172 F.R.D. 271, 291 (S.D. Ohio 1997)(finding many of those states look to the same source for a standard in products liability cases).

9. "Plaintiffs assert that all states that recognize negligence as a cause of action in a products liability action apply the same elements to determine liability: duty, breach, causation, injury and damage." *Id*. "Not only do all states use the same elements to define a cause of action for negligence, many of those states look to the same source for a standard in Product Liability

---

[5] *Transue v. Aesthetech Corp.*, 341 F.3d 911 (9th Cir. 2003); *Marzullo v. Crosman Corp.*, 289 F.Supp.2d 1337 (M.D.Fla. 2003); *Adams v. U.S.*, 622 F.Supp.2d 996 (2009); *McMichael v. Am. Red Cross,* 532 S.W.2d 7, 9–11 (Ky. 1975); *Ackley v. Wyeth Laboratories, Inc.*, 919 F.2d 397 (6th Cir. 1990); *Mayberry v. Akron Rubber Machinery Corp.*, 483 F.Supp. 407 (N.D. Okla. 1979).

[6] *Public Service Mut. Ins. V. Empire Comfort Systems, Inc*., 573 F. Supp.2d 372 (D.Mass. 2008).
[7] See TAC, ¶ 47.

cases."[8]

10. Under Count Two of the TAC, the Plaintiffs allege (1) an injury-in-fact,[9] (2) a causal connection between the injury and the conduct complained of,[10] and (3) that the injury is likely to be redressed by a favorable decision.[11] *Lujan, supra*.

### C. Plaintiffs have standing to pursue Count Four.

11. Count Four alleges the Defendants violated the Unfair Business Practices Act, Business and Professions Code §§ 17200 and 17500, *et seq.* This Count was brought on behalf of all Plaintiffs, as Plaintiffs have standing to sue under California's Consumer Protection laws. "[California] statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Norwest Mortgage, Inc. v. Super. Ct.,* 72 Cal.App.4th 214, 224–25 (Cal.Ct.App. 1999).

12. In determining whether California's consumer protection statutes apply to non-California residents, courts consider "where the defendant does business, whether the defendant's principal offices are located in California, where class members are located, and the location from which advertising and other promotional literature decisions were made." *In re Toyota Motor Corp.,* 785 F.Supp.2d 883, 917 (C.D.Cal. 2011).

13. Plaintiffs allege Defendant Mattel's principal place of business and corporate headquarters are in the State of California and multiple named Plaintiffs reside in California.

---

[8] *In re Telectronics Pacing Systems, Inc.*, 172 F.R.D. at 292; *see also* Restatement (Second) of Torts § 395 and Appendix (cited with approval by courts in thirty-six states).

[9] As a direct and proximate result of Defendants' failure take appropriate steps to ensure the safety of the Plaintiffs, all class members suffered legal injury and damages, in an amount to be proven at trial. (TAC, ¶ 54)

[10] The injuries were caused by the negligence of the Defendants. (TAC, ¶ 55)

[11] Plaintiffs are entitled to a judgment finding Defendants liable to Plaintiffs for damages suffered as a result of Defendants' negligent acts and omissions. (TAC, ¶ 59)

Thus, Plaintiffs have sufficiently pled that Defendants' conduct originated in or had strong connections to California. *See In re Mattel, Inc.,* 588 F.Supp.2d 1111, 1119 (C.D.Cal. 2008) ("While [defendant's] connections [to California] may, after a more thorough development of the facts, prove to be specious or irrelevant, the Court finds that the alleged California connections are sufficient to state claims by non-California plaintiffs.").

14. This approach is consistent with Alabama's choice of law rules. *See Fitts v. Mn. Mining & Mfg. Co.,* 581 So.2d 819, 820 (Ala. 1991). In other words, it is not the site of the alleged tortious act that is relevant, but the site of the injury, or **the site of the event that created the right to sue**. *Gulf States Steel, Inc. v. Lipton,* 765 F. Supp. 696, 701 n.2 (N.D.Ala.1990) (emphasis added). The Defendants manufactured, sold, and advertised the defective product in California, which is "the site of the event that created the right to sue*." Id.*

15. Thus, Plaintiffs have standing to pursue Count Four of the TAC.[12] *Lujan,* 504 U.S. at 559.

### III. RESPONSE TO SECTION (vii) AS TO RELIEF SOUGHT BY PLAINTIFFS AND ON BEHALF OF CLASS OR SUBCLASS

16. The Putative Class may be appropriately divided into sub-classes by their states of domicile. See TAC, ¶ 28

17. P.D.H., J.F.P., K.R.C., and A.N.J., are residents of Alabama and seek claims for relief under Counts 2, 3, and 4. These Plaintiffs are members and representatives of the Alabama subclass.

18. E.J.B. resides in Kentucky and seeks claims for relief under Counts 1, 2, and 4. E.J.B. is a member and representative of the Kentucky subclass.

---

[12] Plaintiffs, and the Proposed Class, demand judgment against Defendants for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Defendants to purchase the Sleeper, as well as attorneys' fees, costs and interest. (TAC, ¶ 78)

19. K.G.D. resides in Oklahoma and seeks claims for relief under Counts 1, 2, and 4 K.G.D. is a member and representative of the Oklahoma subclass.

20. A.H., and G.P. reside in California and seek claims for relief under Counts 1, 2, and 4. A.H. and G.P. are members and representatives of the California subclass.

21. H.M.M. and R.A.Z. reside in Florida and seek claims for relief under Counts 1, 2, and 4. H.M.M. and R.A.Z. are members and representatives of the Florida subclass.

22. L.M. resides in Idaho and seeks claims for relief under Counts 1, 2, and 4. L.M. is a member and representative of the Idaho subclass.

23. E.W., and M.R.S. reside in Massachusetts and seek claims for relief under Counts 1, 2, and 4. E.W., and M.R.S. are members and representatives of the Massachusetts subclass.

24. R.L.M. and C.L.Y. reside in Ohio and seek claims for relief under Counts 1, 2, and 4. R.L.M. and C.L.Y. are members and representatives of the Ohio subclass.

Respectfully Submitted this the 6th day of November, 2013.

/s/ J. Paul Lynn
Donald W. Stewart, Esq.
J. Paul Lynn, Esq.

Attorneys for Plaintiffs

OF COUNSEL:

Donald W. Stewart, Esq.
J. Paul Lynn, Esq.
**STEWART & STEWART, P.C.**
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Phone: (205) 425-1166
Fax: (205) 425-5959

Andrew P. Campbell, Esq.
Stephen D. Wadsworth, Esq.
**LEITMAN, SIEGAL, PAYNE & CAMPBELL, P.C.**
420 20th Street North, Suite 2000
Birmingham, Alabama 35203
Telephone: (205) 251-5900
Facsimile: (205) 323-2098

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to the following, on this the 6th day of November, 2013:

James C. Huckaby
Richard E. Smith
Sharon D. Stuart
**CHRISTIAN & SMALL, LLP**
505 20th Street North, Suite 1800
Birmingham, AL 35203

Erik K. Swanholt, Esq.
**JONES DAY**
555 S. Flower Street, 50th Floor
Los Angeles, California 90071-2300
Telephone: (213) 489-3939

Hugh R. Whiting, Esq.
**JONES DAY**
901 Lakeside Ave.
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

Peter Biersteker, Esq.
**JONES DAY**
51 Lousiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939

*Counsel for Defendants*

                                                   */s/ J. Paul Lynn*
                                                   OF COUNSEL