IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
EASTERN DIVISION

| | |
|---|---|
| JASON DANE HARRIS, ET AL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:13-CV-00076-KOB |
| FISHER-PRICE INC., ET AL., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendants' "Motion to Transfer Venue to the United States District Court for the Central District of California." (Doc. 66). Plaintiffs bring this suit on behalf of themselves and all others similarly situated, claiming losses and damages arising out of mold issues with the Fisher-Price Newborn Rock 'n Play Sleeper. For the following reasons, the court will DENY the motion to transfer venue.

### I.     BACKGROUND

On November 25, 2013, Defendants filed their motion to transfer venue, requesting that the court transfer this case to the Central District of California, where a similar case, *Butler v. Mattel, Inc. and Fisher-Price, Inc.*, No. 2:13-cv-306-DSF-SS (C.D. Cal), is pending before the Honorable Dale S. Fischer. (Doc. 66). The parties fully briefed the issue and on January 24, 2014, the court entered an Order deferring ruling on Defendants' motion until the Central District of California ruled on its pending motion for class certification in *Butler*. (Doc. 75). The court directed Defendants' counsel to notify the court as soon as the court in *Butler* entered a ruling on the class certification issue.

1

On February 26, 2014, Defendants filed a notice of ruling in the *Butler* case, informing the court that the court in *Butler* had denied the plaintiffs' motion for class certification and attaching a copy of the order. (R. 80). This court responded by issuing an Order indicating that it was inclined to deny the motion to transfer given the decision in *Butler*, but allowing the Defendants' an opportunity to address the impact of the *Butler* decision on their motion. (R. 81). On March 5, 2014, Defendants filed their response. (R. 82). In making this decision, the court has considered the original briefs of the parties on the motion and Defendants' brief on the impact of the *Butler* decision.

II.     **STANDARD OF REVIEW**

Title 28 U.S.C. § 1404 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . [u]pon motion, . . . in the discretion of the court . . . ." 28 U.S.C. § 1404(a)-(b). Congress enacted § 1404 as a "'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Its purpose is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Courts apply a two-part test when evaluating a motion to transfer venue: (1) whether the plaintiff could have filed the action in the venue to which the defendant seeks transfer; and (2) whether the balance of convenience to the parties and the interest of justice favor transfer. *See C.M.B. Foods, Inc. v. Corral of Middle*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (quoting

*Folkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999)). Once the court determines that the plaintiff could have filed the case in another district, a court's decision to transfer depends on the balance of convenience and justice. In making this determination, a judge has considerable discretion based on a "case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

### III.  DISCUSSION

Plaintiffs do not dispute the first factor—whether the Plaintiffs could have filed the action in the Central District of California. The court will assume, without deciding, that Plaintiffs could have filed this action there. The crux of the debate between the parties is whether the balance of convenience to the parties and the interest of justice favor transfer.

Although "Defendants' Response to Court's February 27, 2014 Order" (doc. 82) asserts that "the denial of class certification in *Butler* does not change the bases for, or the considerations informing, the pending motion for transfer," the court cannot agree. Not only are the arguments in Defendants' original motion closely tied to the (then existing) possibility of class certification in *Butler*, but the court finds that without a certified class in the Central District of California, the strongest basis for transferring this case is gone.

The court finds that balance of convenience to the parties and the interest of justice do not favor transfer. The different variables that will affect each Plaintiff's claim make it unlikely that a transfer will conserve judicial resources and lessens the risk of any true inconsistency in the decisions that result from this case and from *Butler*. The parties are located all over the United States—four in Alabama, one in Kentucky, one in Oklahoma, two in California, two in Florida, one in Idaho, two in Ohio, and two in Massachusetts—but overall the majority of them are closer

to the Northern District of Alabama than to Central District of California.  Likewise, the relevant witnesses, including the Plaintiffs' physicians and caretakers, are likely located near each of the Plaintiffs.  Although Alabama may not be considerably *more* convenient than California for the parties and witnesses, it is also not considerably *less* convenient, and the court gives considerable weight to Plaintiffs' choice of forum in this district.  Overall, the court exercises the broad discretion that Eleventh Circuit law has afforded it in considering a transfer request and DENIES Defendant's motion to transfer.

IV. **CONCLUSION**

For the reasons discussed above, the court DENIES Defendants' motion to transfer.

DONE and ORDERED this 1st day of April, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

4