# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JASON DANE HARRIS and RACHEL MARIE DABBS HARRIS, as next friend of P.D.H., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FISHER-PRICE, INC., MATTEL, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Case No. CV-13-00076-KOB** |

## ANSWER OF MATTEL, INC. TO FOURTH AMENDED COMPLAINT

COMES NOW Defendant Mattel, Inc. ("Mattel"), by and through its attorneys of record, and hereby answers Plaintiffs' Fourth Amended Complaint (the "Complaint"), responding to the individually numbered paragraphs in the Complaint as follows:

## RESPONSE TO "PARTIES"

1. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies the same.

4.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies the same.

5.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies the same.

6.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies the same.

7.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies the same.

8.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies the same.

9.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the same.

10      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11.      Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12.      Mattel admits that it is a Delaware corporation, with its principal place of business in California.

13.      Mattel admits that Fisher-Price, Inc. ("Fisher-Price") is a wholly-owned subsidiary of Mattel and that it is a Delaware corporation, with its principal place of business in New York.

## RESPONSE TO "JURISDICTION AND VENUE"

14.     The allegations of paragraph 14 of the Complaint as to jurisdiction are legal conclusions for which no response is required.  However, if a response is required, the allegations of paragraph 14 are denied.

15.     The allegations of paragraph 15 of the Complaint as to venue are legal conclusions for which no response is required.  However, if a response is required, the allegations of paragraph 15 as to venue are denied.  Mattel admits that it is in the business of manufacturing, marketing, advertising distributing, and selling products nationwide through various retailers, but denies that it had any involvement in the manufacture, marketing, advertising, distribution, or sales of the Newborn Rock 'n Play Sleeper ("Sleeper").  Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 15 of the Complaint.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

16.     Mattel admits that this matter involves the Rock 'N Play Infant Sleeper distributed by Fisher-Price.  Mattel denies the remaining allegations of paragraph 16 of the Complaint.

17.     Mattel admits that the Sleeper is intended for use by infants to sleep, rest or play until an infant is capable of pushing themselves up on their hands and

knees, can pull themselves up or sit up unassisted, or have reached 25 pounds in weight, whichever comes first. Mattel denies the remaining allegations in paragraph 17 of the Complaint.

18.     Mattel admits that some Plaintiffs and consumers did not purchase Sleepers but instead received them as gifts or through other means. Mattel denies the remaining allegations in paragraph 18 of the Complaint.

19.     The allegation of paragraph 19 of the Complaint is a legal conclusion for which no response is required. However, if a response is required, the allegation of paragraph 19 is denied.

20.     Mattel admits the allegations of paragraph 20 of the Complaint.

21.     Mattel denies that all the Sleeper models at issue in this case are virtually identical. Mattel admits the remaining allegations of paragraph 21 of the Complaint.

22.     Mattel admits that Fisher-Price's design team chose fabric for the Sleeper's sling that would be strong and stable, sufficient to support the weight of the infant when used as a portable product. Mattel admits that product instructions Fisher-Price provided with the Sleeper stated that the "pad [is] machine washable" and gave washing and cleaning instructions, but did not state the obvious point that the Sleeper should be washed and cleaned when it becomes dirty. Mattel admits that product instructions stated "Do not use bleach" to wash or clean the Sleeper,

and that instruction is repeated on the product's tag. Mattel denies the remaining allegations of paragraph 22 of the Complaint.

23.     Mattel admits that Fisher-Price knew that the Sleeper could be exposed to moisture. Mattel denies the remaining allegations of paragraph 23 of the Complaint.

24.     Mattel admits that between September 15, 2010 and September 13, 2011, Fisher Price received 19 unverified reports of mold growth on the sleeper, with four of these consumers speculating that mold growth could be responsible for cold symptoms in their children. Mattel denies the remaining allegations in paragraph 24 of the Complaint.

25.     Mattel admits that Fisher-Price modified the product design but denies the existence of a "mold issue" and denies the remaining allegations in paragraph 25 of the Complaint.

26.     Mattel denies the allegations in paragraph 26 of the Complaint.

27.     Mattel admits that in October 2010, a Fisher-Price employee named Justin Taton sent an email with the text quoted in paragraph 27 of the Complaint, but without brackets and the typographical error. Mattel denies the remaining allegations in paragraph 27 of the Complaint.

28.     Mattel admits that Justin Taton added three drainage holes to the bottom of the plastic insert of the Sleeper and that he conducted no testing before

doing so. Mattel further admits that existing inventory was exhausted before modified inventory was distributed. Mattel denies the remaining allegations of paragraph 28 of the Complaint.

29. Mattel admits that on March 16, 2011, Jerry Miller emailed Kitty Pilarz stating that there had been six safety calls for mold and that Bureau Veritas had been called for a price quote. Mattel denies the remaining allegations of paragraph 29 of the Complaint.

30. Mattel admits that the CPSC first contacted Fisher-Price about mold on the Sleeper on November 8, 2011, and that the CPSC informed Fisher-Price that the CPSC had received one report of mold directly from a consumer. Mattel admits that Fisher-Price responded promptly, submitting a § 15(b) report on December 21, 2011. Mattel denies the remaining allegations of paragraph 30 of the Complaint.

31. Mattel admits that on November 10, 2011, a Fisher-Price project engineer named Margo Moulin sent an email with the text quoted in paragraph 31 of the Complaint, but without ellipses and the added word "and." Mattel admits that in summer of 2011, Fisher-Price engaged an independent laboratory, Bureau Veritas, to test a fabric swatch from a Sleeper returned by a consumer. Mattel admits that in a test performed in December 2011, Bureau Veritas detected *Cladosporium* mold growth on a fabric swatch and reported that "[s]pores of

*Cladosporium* are common in the air" and "can germinate and grow on surfaces
. . . under wet environmental conditions." Mattel admits that a Fisher-Price
Regulatory Project Manager, Don Fest, stated in an email that consumers would
need to remove the seat pad to see any mold growth and, although the area is
accessible, it is "out of sight/out of mind." Mattel denies the remaining allegations
of paragraph 31 of the Complaint.

32. Mattel admits that Fisher-Price engaged Dr. Ronald Gots to conduct
mold testing. Mattel admits that a CPSC trial attorney made the statements quoted
in paragraph 32 of the Complaint in a February 17, 2012, email to a Fisher-Price
employee. Mattel denies the remaining allegations of paragraph 32 of the
Complaint.

33. Mattel admits that Fisher-Price was in contact with the CPSC from
November 2011 on to address the CPSC's concerns. Mattel denies the remaining
allegations of paragraph 33 of the Complaint.

34. Mattel admits that a CPSC trial attorney made the statements quoted
in paragraph 34 of the Complaint in a February 17, 2012, email to a Fisher-Price
employee. Mattel denies the remaining allegations of paragraph 32 of the
Complaint.

35. Mattel denies that the CPSC made any of the conclusions or
statements quoted in paragraph 35 of the Complaint. Mattel admits that on

September 6, 2012, CPSC *staff members* made a preliminary determination that mold growth on the Sleeper presented a substantial product hazard under the Consumer Product Safety Act, and stated that exposure to mold growth on the Sleeper could increase an infant's susceptibility to asthma and other respiratory illnesses due to their immature immune and respiratory systems. Mattel denies the remaining allegations of paragraph 35 of the Complaint.

36. Mattel admits that Fisher-Price worked cooperatively with the CPSC throughout 2012, and answered questions posed by the CPSC. Mattel also admits that a Fisher-Price employee named Joel Taft sent an email on February 1, 2012, that contains the text quoted in paragraph 36 of the Complaint, without ellipses and emphasis added. Mattel denies the remaining allegations of paragraph 36 of the Complaint.

37. Mattel admits that the CPSC agreed with Fisher-Price that a Sleeper on which mold had grown could continue to be used if cleaned properly by the consumer, and the CPSC and Fisher-Price therefore agreed to the Recall to Inspect, which was announced on January 8, 2013. Mattel also admits that the CPSC and Fisher-Price agreed that providing additional cleaning instructions for consumers who experienced mold growth on their Sleeper was an appropriate corrective action. Mattel also admits that the 18-page booklet of cleaning instructions recommended wearing goggles and gloves when using bleach and cleaning the

product in a well-ventilated room, instructions that were adopted from the user instructions provided by Clorox with its bleach products. Mattel denies the remaining allegations of paragraph 37 of the Complaint.

38. Mattel denies the allegations of paragraph 38 of the Complaint.

39. Mattel denies the allegations of paragraph 39 of the Complaint.

40. Mattel denies the allegations of paragraph 40 of the Complaint.

## RESPONSE TO "INDIVIDUAL FACTS"

41. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and, therefore, denies the same.

42. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and, therefore, denies the same.

43. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies the same.

44. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and, therefore, denies the same.

45.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and, therefore, denies the same.

46.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, therefore, denies the same.

47.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, therefore, denies the same.

48.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and, therefore, denies the same.

49.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, therefore, denies the same.

50.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and, therefore, denies the same.

51.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and, therefore, denies the same.

52.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and, therefore, denies the same.

53.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, denies the same.

54.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and, therefore, denies the same.

55.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and, therefore, denies the same.

56.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and, therefore, denies the same.

57.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and, therefore, denies the same.

58.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and, therefore, denies the same.

59.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and, therefore, denies the same.

60.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and, therefore, denies the same.

61.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and, therefore, denies the same.

62.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and, therefore, denies the same.

63.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and, therefore, denies the same.

64.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and, therefore, denies the same.

65.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and, therefore, denies the same.

66.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and, therefore, denies the same.

67.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and, therefore, denies the same.

68.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and, therefore, denies the same.

69.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and, therefore, denies the same.

70.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and, therefore, denies the same.

71.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and, therefore, denies the same.

72.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and, therefore, denies the same.

73.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and, therefore, denies the same.

74.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and, therefore, denies the same.

75.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and, therefore, denies the same.

76.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and, therefore, denies the same.

77.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and, therefore, denies the same.

78.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and, therefore, denies the same.

79.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and, therefore, denies the same.

80.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and, therefore, denies the same.

81.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and, therefore, denies the same.

82.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and, therefore, denies the same.

83.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and, therefore, denies the same.

84.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and, therefore, denies the same.

85.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and, therefore, denies the same.

86.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, therefore, denies the same.

87.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and, therefore, denies the same.

88.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint and, therefore, denies the same.

89.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint and, therefore, denies the same.

90.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and, therefore, denies the same.

91.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and, therefore, denies the same.

92.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint and, therefore, denies the same.

93.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and, therefore, denies the same.

94.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint and, therefore, denies the same.

95.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint and, therefore, denies the same.

96.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint and, therefore, denies the same.

97.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint and, therefore, denies the same.

98.     Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and, therefore, denies the same.

99. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and, therefore, denies the same.

100. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint and, therefore, denies the same.

101. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint and, therefore, denies the same.

102. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint and, therefore, denies the same.

103. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint and, therefore, denies the same.

104. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and, therefore, denies the same.

105. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint and, therefore, denies the same.

106. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint and, therefore, denies the same.

107. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint and, therefore, denies the same.

108. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint and, therefore, denies the same.

109. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint and, therefore, denies the same.

110. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint and, therefore, denies the same.

111.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint and, therefore, denies the same.

112.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint and, therefore, denies the same.

113.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint and, therefore, denies the same.

114.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint and, therefore, denies the same.

115.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint and, therefore, denies the same.

## RESPONSE TO "PROPOSED CLASSES"

116.    Mattel acknowledges that Plaintiffs propose two nationwide classes and subclasses by state.  Mattel denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as

a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

117.    Mattel acknowledges that Plaintiffs propose a nationwide class of individuals who purchased Sleepers on or before January 9, 2013, along with eight statewide subclasses.  Mattel denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

118.    Mattel acknowledges that Plaintiffs propose a nationwide class of individuals who acquired Sleepers on or before January 9, 2013, along with eight statewide subclasses.  Mattel denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

119.    Mattel acknowledges that Plaintiffs seek to litigate this action on a class basis.  Mattel denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

120.    Mattel admits that over 800,000 Sleepers have been sold in the United States.  Mattel denies the remaining allegations of paragraph 120 of the Complaint.

121.    Mattel denies the allegations of paragraph 121 of the Complaint.

122.    Mattel denies the allegations of paragraph 122 of the Complaint.

123.    Mattel denies the allegations of paragraph 123 of the Complaint.

124.    Mattel denies the allegations of paragraph 124 of the Complaint.

125.    Mattel acknowledges that Plaintiffs seek certification of a nationwide class and alternative statewide subclasses.  Mattel denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

## RESPONSE TO COUNT ONE
## "VIOLATION OF THE MAGNUSON-MOSS FEDERAL WARRANTY ACT"

126.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

127.    The allegations of paragraph 127 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 127.

128.   The allegations of paragraph 128 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 128.

129.   The allegations of paragraph 129 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 129.

130.   Mattel admits the allegations of paragraph 130 of the Complaint.

131.   The allegations of paragraph 131 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 131.

132.   Mattel denies that Defendants provided any express warranties pertaining to the Sleeper.  The remaining allegations of paragraph 132 of the Complaint consist entirely of legal conclusions to which no response is required. However, if a response is required, Mattel denies the remaining allegations of paragraph 132.

133.   Mattel denies that Defendants sold defective products.  The remaining allegations of paragraph 133 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the remaining allegations of paragraph 133.

134.   Mattel denies the allegations of paragraph 134 of the Complaint.

135.    Mattel denies the allegations of paragraph 135 of the Complaint.

## RESPONSE TO COUNT TWO
## "VIOLATION OF THE MAGNUSON-MOSS FEDERAL WARRANTY ACT"

136.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

137.    The allegations of paragraph 137 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 137.

138.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint and, therefore, denies the same.

139.    The allegations of paragraph 139 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 139.

140.    The allegations of paragraph 140 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 140.

141.    Mattel admits the allegations of paragraph 141 of the Complaint.

142.    Mattel denies that Defendants provided any express warranties pertaining to the Sleeper.  The remaining allegations of paragraph 142 of the

Complaint consist entirely of legal conclusions to which no response is required. However, if a response is required, Mattel denies the remaining allegations of paragraph 142.

143. Mattel denies that Defendants provided any express warranties pertaining to the Sleeper, and denies that Plaintiffs complied with any informal dispute resolution mechanism. The remaining allegations of paragraph 143 of the Complaint consist entirely of legal conclusions to which no response is required. However, if a response is required, Mattel denies the allegations of paragraph 143.

144. Mattel denies the allegations of paragraph 144 of the Complaint.

145. Mattel denies the allegations of paragraph 145 of the Complaint.

146. Mattel denies the allegations of paragraph 146 of the Complaint.

A. **CLAIMS OF RESIDENTS OF ALABAMA**

**RESPONSE TO COUNT THREE**
**"BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"**

147. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

148. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 148 of the Complaint.

149.   Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint and, therefore, denies the same.

150.   Mattel denies the allegations of paragraph 150 of the Complaint.

151.   Mattel denies the allegations of paragraph 151 of the Complaint.

152.   Mattel denies the allegations of paragraph 152 of the Complaint.

153.   Mattel denies the allegations of paragraph 153 of the Complaint.

154.   Mattel denies the allegations of paragraph 154 of the Complaint.

155.   Mattel denies the allegations of paragraph 155 of the Complaint.

## RESPONSE TO COUNT FOUR
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

156.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

157.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 157 of the Complaint.

158.   Mattel denies the allegations of paragraph 158 of the Complaint.

159.   Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting.  Mattel denies the remaining allegations of paragraph 159.

160.   Mattel denies the allegations of paragraph 160 of the Complaint.

161.   Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint and, therefore, denies the same.

162.   Mattel denies the allegations of paragraph 162 of the Complaint.

163.   Mattel denies the allegations of paragraph 163 of the Complaint.

164.   Mattel denies the allegations of paragraph 164 of the Complaint.

## RESPONSE TO COUNT FIVE
## "BREACH OF EXPRESS WARRANTY"

165.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

166.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 166 of the Complaint.

167.   Mattel denies the allegations of paragraph 167 of the Complaint.

168.   Mattel denies the allegations of paragraph 168 of the Complaint.

169.   Mattel denies the allegations of paragraph 169 of the Complaint.

170.   Mattel denies the allegations of paragraph 170 of the Complaint.

## RESPONSE TO COUNT SIX
## "BREACH OF WARRANTY"

171.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

172.    Mattel denies that Defendants expressly warranted the Sleeper.  The existence of implied warranties is a legal conclusion to which no response is required.

173.    Mattel acknowledges that Plaintiffs make various averments in paragraph 173 of the Complaint but Mattel denies them in their entirety.

174.    Mattel acknowledges that Plaintiffs make further averments in paragraph 174 of the Complaint but Mattel denies them in their entirety.

175.    Mattel denies the allegations of paragraph 175 of the Complaint.

## RESPONSE TO COUNT SEVEN
## "VIOLATIONS OF ALABAMA CONSUMER PROTECTION"

176.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

177.    The allegations of paragraph 177 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the allegations of paragraph 177.

178.    The allegations of paragraph 178 of the Complaint consist entirely of legal conclusions to which no response is required.

179. The allegations of paragraph 179 of the Complaint consist entirely of legal conclusions to which no response is required.

180. Mattel denies the allegations of paragraph 180 of the Complaint.

**RESPONSE TO COUNT EIGHT**
**UNJUST ENRICHMENT**

181. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

182. Mattel denies the allegations of paragraph 182 of the Complaint.

183. Mattel denies the allegations of paragraph 183 of the Complaint.

184. Mattel denies the allegations of paragraph 184 of the Complaint.

185. Mattel denies the allegations of paragraph 185 of the Complaint.

186. Mattel denies the allegations of paragraph 186 of the Complaint.

187. Mattel denies the allegations of paragraph 187 of the Complaint.

**B.     CLAIMS OF RESIDENTS OF CALIFORNIA**

**RESPONSE TO COUNT NINE**
**"SONG-BEVERLY ACT – BREACH OF EXPRESS WARRANTY**
**VIOLATIONS OF CIVIL CODE §§ 1790, et seq."**

188. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

189. Mattel acknowledges that Plaintiffs assert this cause of action on behalf of themselves and purport to do so on behalf of "other members of the California Class," but Mattel denies that there exists any ascertainable or

identifiable class or subclass; denies that this action may be properly maintained as a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

190. Mattel denies the allegations of paragraph 190 of the Complaint.

191. Mattel denies the allegations of paragraph 191 of the Complaint.

192. Mattel denies the allegations of paragraph 192 of the Complaint.

193. Mattel denies the allegations of paragraph 193 of the Complaint.

194. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 of the Complaint and, therefore, denies the same.

195. Mattel denies the allegations of paragraph 195 of the Complaint.

196. Mattel denies the allegations of paragraph 196 of the Complaint.

197. Mattel denies the allegations of paragraph 197 of the Complaint.

198. Mattel denies the allegations of paragraph 198 of the Complaint.

199. Mattel denies the allegations of paragraph 199 of the Complaint.

200. Mattel denies the allegations of paragraph 200 of the Complaint.

201. Mattel denies the allegations of paragraph 201 of the Complaint.

202. Mattel denies the allegations of paragraph 202 of the Complaint.

## RESPONSE TO COUNT TEN
## "VIOLATIONS OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT"

203.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

204.    Mattel acknowledges that Plaintiffs purport to assert this cause of action pursuant to the California Consumer Legal Remedies Act ("CLRA"). Mattel denies that Plaintiffs have a viable cause of action under the CLRA.

205.    Mattel denies the allegations of paragraph 205 of the Complaint.

206.    Mattel denies the allegations of paragraph 206 of the Complaint.

207.    Mattel denies the allegations of paragraph 207 of the Complaint.

208.    Mattel denies the allegations of paragraph 208 of the Complaint.

209.    Mattel acknowledges that Plaintiffs purport to seek actual and punitive damages, but denies that Plaintiffs are entitled to any damages.

210.    Mattel denies the allegations of paragraph 210 of the Complaint.

211.    Mattel denies the allegations of paragraph 211.  Mattel acknowledges that the California Plaintiffs purport to seek various forms of relief on behalf of themselves and "other California Sub-Class Members," but denies that Plaintiffs are entitled to any relief; denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as a class

action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23.

### RESPONSE TO COUNT ELEVEN
### "VIOLATIONS OF CALIFORNIA UNFAIR BUSINESS PRACTICES ACT"

212.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

213.    The allegations of paragraph 213 of the Complaint consist entirely of legal conclusions to which no response is required.

214.    Mattel denies the allegations of paragraph 214 of the Complaint.

215.    Mattel denies the allegations of paragraph 215 of the Complaint.

216.    Mattel denies the allegations of paragraph 216 of the Complaint.

217.    Mattel acknowledges that the California Plaintiffs purport to seek preliminary and permanent injunctive relief on behalf of themselves and "members of the California Class," but denies that Plaintiffs are entitled to any injunctive relief; denies that there exists any ascertainable or identifiable class or subclass; denies that this action may be properly maintained as a class action; and denies that any class alleged in the Complaint could satisfy the requirements of Federal Rule of Civil Procedure 23. Mattel also denies the remaining allegations of paragraph 217 of the Complaint.

## RESPONSE TO COUNT TWELVE
### "PRODUCTS LIABILITY
### NEGLIGENT DESIGN AND FAILURE TO WARN"

218.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

219.   Mattel admits that Fisher-Price designed the Sleeper, sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 219 of the Complaint.

220.   Mattel admits that Fisher-Price designed the Sleeper, sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 220 of the Complaint.

221.   Mattel denies the allegations of paragraph 221 of the Complaint.

222.   Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 of the Complaint and, therefore, denies the same.

223.   Mattel denies the allegations of paragraph 223 of the Complaint.

224.   Mattel denies the allegations of paragraph 224 of the Complaint.

225.   Mattel denies that it manufactured, distributed, or sold the Sleeper; denies that Fisher-Price manufactured the Sleeper; and denies that the Sleeper had

a "problem" or was a defective product. The remaining allegations of paragraph 225 of the Complaint consist entirely of legal conclusions to which no response is required. However, if a response is required, Mattel denies the remaining allegations of paragraph 225.

226. Mattel denies the allegations of paragraph 226 of the Complaint.

227. Mattel denies the allegations of paragraph 227 of the Complaint.

228. Mattel denies the allegations of paragraph 228 of the Complaint.

## RESPONSE TO COUNT THIRTEEN
## "NEGLIGENCE AND/OR WANTONNESS"

229. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

230. Mattel denies the allegations of paragraph 230 of the Complaint.

## RESPONSE TO COUNT FOURTEEN
## "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

231. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

232. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 232 of the Complaint.

233. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 of the Complaint and, therefore, denies the same.

234. Mattel denies the allegations of paragraph 234 of the Complaint.

235. Mattel denies the allegations of paragraph 235 of the Complaint.

236. Mattel denies the allegations of paragraph 236 of the Complaint.

237. Mattel denies the allegations of paragraph 237 of the Complaint.

238. Mattel denies the allegations of paragraph 238 of the Complaint.

239. Mattel denies the allegations of paragraph 239 of the Complaint.

## RESPONSE TO COUNT FIFTEEN
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

240. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

241. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 241 of the Complaint.

242. Mattel denies the allegations of paragraph 242 of the Complaint.

243. Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting. Mattel denies the remaining allegations of paragraph 243 of the Complaint.

244.    Mattel denies the allegations of paragraph 244 of the Complaint.

245.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 of the Complaint and, therefore, denies the same.

246.    Mattel denies the allegations of paragraph 246 of the Complaint.

247.    Mattel denies the allegations of paragraph 247 of the Complaint.

248.    Mattel denies the allegations of paragraph 248 of the Complaint.

**RESPONSE TO COUNT SIXTEEN**
**"BREACH OF EXPRESS WARRANTY"**

249.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

250.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 250 of the Complaint.

251.    Mattel denies the allegations of paragraph 251 of the Complaint.

252.    Mattel denies the allegations of paragraph 252 of the Complaint.

253.    Mattel denies the allegations of paragraph 253 of the Complaint.

254.    Mattel denies the allegations of paragraph 254 of the Complaint.

255.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

256.   Mattel denies the allegations of paragraph 256 of the Complaint.

257.   Mattel denies the allegations of paragraph 257 of the Complaint.

258.   Mattel denies the allegations of paragraph 258 of the Complaint.

259.   Mattel denies the allegations of paragraph 259 of the Complaint.

260.   Mattel denies the allegations of paragraph 260 of the Complaint.

261.   Mattel denies the allegations of paragraph 261 of the Complaint.

**C.     CLAIMS OF RESIDENTS OF FLORIDA**

**RESPONSE TO COUNT EIGHTEEN
"VIOLATIONS OF FLORIDA'S DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT"**

262.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

263.   Mattel admits that at all times relevant to this lawsuit Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sold the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 263 of the Complaint.

264.	Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 of the Complaint and, therefore, denies the same.

265.	Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 of the Complaint and, therefore, denies the same.

266.	Mattel denies the allegations of paragraph 266 of the Complaint.

267.	Mattel denies the allegations of paragraph 267 of the Complaint.

268.	Mattel denies the allegations of paragraph 268 of the Complaint.

269.	Mattel denies the allegations of paragraph 269 of the Complaint.

270.	The allegations of paragraph 270 of the Complaint are legal conclusions for which no response is required.

**RESPONSE TO COUNT NINETEEN**
**"BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"**

271.	Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

272.	Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 272 of the Complaint.

273.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273 of the Complaint and, therefore, denies the same.

274.    Mattel denies the allegations of paragraph 274 of the Complaint.

275.    Mattel denies the allegations of paragraph 275 of the Complaint.

276.    Mattel denies the allegations of paragraph 276 of the Complaint.

277.    Mattel denies the allegations of paragraph 277 of the Complaint.

278.    Mattel denies the allegations of paragraph 278 of the Complaint.

279.    Mattel denies the allegations of paragraph 279 of the Complaint.

## RESPONSE TO COUNT TWENTY
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

280.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

281.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 281 of the Complaint.

282.    Mattel denies the allegations of paragraph 282 of the Complaint.

283.    Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting.  Mattel denies the remaining allegations of paragraph 283 of the Complaint.

284. Mattel denies the allegations of paragraph 284 of the Complaint.

285. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 of the Complaint and, therefore, denies the same.

286. Mattel denies the allegations of paragraph 286 of the Complaint.

287. Mattel denies the allegations of paragraph 287 of the Complaint.

288. Mattel denies the allegations of paragraph 288 of the Complaint.

**RESPONSE TO COUNT TWENTY-ONE**
**"BREACH OF EXPRESS WARRANTY"**

289. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

290. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 290 of the Complaint.

291. Mattel denies the allegations of paragraph 291 of the Complaint.

292. Mattel denies the allegations of paragraph 292 of the Complaint.

293. Mattel denies the allegations of paragraph 293 of the Complaint.

294. Mattel denies the allegations of paragraph 294 of the Complaint.

## RESPONSE TO COUNT TWENTY-TWO
## "UNJUST ENRICHMENT"

295.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

296.   Mattel denies the allegations of paragraph 296 of the Complaint.

297.   Mattel denies the allegations of paragraph 297 of the Complaint.

298.   Mattel denies the allegations of paragraph 298 of the Complaint.

299.   Mattel denies the allegations of paragraph 299 of the Complaint.

300.   Mattel denies the allegations of paragraph 300 of the Complaint.

301.   Mattel denies the allegations of paragraph 301 of the Complaint.

### D.   CLAIMS OF RESIDENTS OF IDAHO

## RESPONSE TO COUNT TWENTY-THREE
## "VIOLATIONS OF IDAHO CONSUMER PROTECTION"

302.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

303.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  The remaining allegations of paragraph 303 of the Complaint are legal conclusions for which no response is required.

304.   The allegations of paragraph 304 of the Complaint are legal conclusions for which no response is required.

305.   The allegations of paragraph 305 of the Complaint are legal conclusions for which no response is required.

306.   Mattel denies the allegations of paragraph 306 of the Complaint.

## RESPONSE TO COUNT TWENTY-FOUR
## "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

307.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

308.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 308 of the Complaint.

309.   Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309 of the Complaint and, therefore, denies the same.

310.   Mattel denies the allegations of paragraph 310 of the Complaint.

311.   Mattel denies the allegations of paragraph 311 of the Complaint.

312.   Mattel denies the allegations of paragraph 312 of the Complaint.

313.   Mattel denies the allegations of paragraph 313 of the Complaint.

314.   Mattel denies the allegations of paragraph 314 of the Complaint.

315.   Mattel denies the allegations of paragraph 315 of the Complaint.

## RESPONSE TO COUNT TWENTY-FIVE
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

316.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

317.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 317 of the Complaint.

318.   Mattel denies the allegations of paragraph 318 of the Complaint.

319.   Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting.  Mattel denies the remaining allegations of paragraph 319.

320.   Mattel denies the allegations of paragraph 320 of the Complaint.

321.   Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321 of the Complaint and, therefore, denies the same.

322.   Mattel denies the allegations of paragraph 322 of the Complaint.

323.   Mattel denies the allegations of paragraph 323 of the Complaint.

324.   Mattel denies the allegations of paragraph 324 of the Complaint.

## RESPONSE TO COUNT TWENTY-SIX
## "BREACH OF EXPRESS WARRANTY"

325.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

326.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 326 of the Complaint.

327.   Mattel denies the allegations of paragraph 327 of the Complaint.

328.   Mattel denies the allegations of paragraph 328 of the Complaint.

329.   Mattel denies the allegations of paragraph 329 of the Complaint.

330.   Mattel denies the allegations of paragraph 330 of the Complaint.

## RESPONSE TO COUNT TWENTY-SEVEN
## "UNJUST ENRICHMENT"

331.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

332.   Mattel denies the allegations of paragraph 332 of the Complaint.

333.   Mattel denies the allegations of paragraph 333 of the Complaint.

334.   Mattel denies the allegations of paragraph 334 of the Complaint.

335.   Mattel denies the allegations of paragraph 335 of the Complaint.

336.   Mattel denies the allegations of paragraph 336 of the Complaint.

337.   Mattel denies the allegations of paragraph 337 of the Complaint.

## E. CLAIMS OF RESIDENTS OF MASSACHUSETTS

## RESPONSE TO COUNT TWENTY-EIGHT
## "VIOLATIONS OF MASSACHUSETTS CONSUMER PROTECTION UNFAIR AND DECEPTIVE ACTS AND PRACTICES"

338.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

339.   The allegations of paragraph 339 of the Complaint are legal conclusions for which no response is required.

340.   Mattel denies the allegations of paragraph 340 of the Complaint.

341.   Mattel denies the allegations of paragraph 341 of the Complaint.

## RESPONSE TO COUNT TWENTY-NINE
## "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

342.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

343.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 343 of the Complaint.

344.   Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344 of the Complaint and, therefore, denies the same.

345.   Mattel denies the allegations of paragraph 345 of the Complaint.

346.   Mattel denies the allegations of paragraph 346 of the Complaint.

347. Mattel denies the allegations of paragraph 347 of the Complaint.

348. Mattel denies the allegations of paragraph 348 of the Complaint.

349. Mattel denies the allegations of paragraph 349 of the Complaint.

350. Mattel denies the allegations of paragraph 350 of the Complaint.

## RESPONSE TO COUNT THIRTY
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

351. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

352. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 352 of the Complaint.

353. Mattel denies the allegations of paragraph 353 of the Complaint.

354. Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting. Mattel denies the remaining allegations of paragraph 354 of the Complaint.

355. Mattel denies the allegations of paragraph 355 of the Complaint.

356. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356 of the Complaint and, therefore, denies the same.

357. Mattel denies the allegations of paragraph 357 of the Complaint.

358.   Mattel denies the allegations of paragraph 358 of the Complaint.

359.   Mattel denies the allegations of paragraph 359 of the Complaint.

## RESPONSE TO COUNT THIRTY-ONE
## "BREACH OF EXPRESS WARRANTY"

360.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

361.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 361 of the Complaint.

362.   Mattel denies the allegations of paragraph 362 of the Complaint.

363.   Mattel denies the allegations of paragraph 363 of the Complaint.

364.   Mattel denies the allegations of paragraph 364 of the Complaint.

365.   Mattel denies the allegations of paragraph 365 of the Complaint.

## RESPONSE TO COUNT THIRTY-TWO
## "UNJUST ENRICHMENT"

366.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

367.   Mattel denies the allegations of paragraph 367 of the Complaint.

368.   Mattel denies the allegations of paragraph 368 of the Complaint.

369.   Mattel denies the allegations of paragraph 369 of the Complaint.

370.   Mattel denies the allegations of paragraph 370 of the Complaint.

371.   Mattel denies the allegations of paragraph 371 of the Complaint.

372.   Mattel denies the allegations of paragraph 372 of the Complaint.

## F.   CLAIMS OF RESIDENTS OF OHIO

### RESPONSE TO COUNT THIRTY-THREE
### "VIOLATIONS OF OHIO CONSUMER PROTECTION
### VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT"

373.   Mattel incorporates by reference and restates its responses to the
preceding paragraphs as if set forth fully herein.

374.   The allegations of paragraph 374 of the Complaint are legal
conclusions for which no response is required.

375.   The allegations of paragraph 375 of the Complaint are legal
conclusions for which no response is required.

376.   Mattel denies the allegations of paragraph 376 of the Complaint.

377.   Mattel denies the allegations of paragraph 377 of the Complaint.

### RESPONSE TO COUNT THIRTY-FOUR
### "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

378.   Mattel incorporates by reference and restates its responses to the
preceding paragraphs as if set forth fully herein.

379.   Mattel admits that Fisher-Price sold the Sleeper to mass merchandise
stores nationwide and also sells the Sleeper through its own retail store and online
site.  Mattel denies the remaining allegations of paragraph 379 of the Complaint.

380.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint and, therefore, denies the same.

381.    Mattel denies the allegations of paragraph 381 of the Complaint.

382.    Mattel denies the allegations of paragraph 382 of the Complaint.

383.    Mattel denies the allegations of paragraph 383 of the Complaint.

384.    Mattel denies the allegations of paragraph 384 of the Complaint.

385.    Mattel denies the allegations of paragraph 385 of the Complaint.

386.    Mattel denies the allegations of paragraph 386 of the Complaint.

## RESPONSE TO COUNT THIRTY-FIVE
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

387.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

388.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 388 of the Complaint.

389.    Mattel denies the allegations of paragraph 389 of the Complaint.

390.    Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting.  Mattel denies the remaining allegations of paragraph 390 of the Complaint.

391.    Mattel denies the allegations of paragraph 391 of the Complaint.

392.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint and, therefore, denies the same.

393.    Mattel denies the allegations of paragraph 393 of the Complaint.

394.    Mattel denies the allegations of paragraph 394 of the Complaint.

395.    Mattel denies the allegations of paragraph 395 of the Complaint.

## RESPONSE TO COUNT THIRTY-SIX
## "BREACH OF EXPRESS WARRANTY"

396.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

397.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 397 of the Complaint.

398.    Mattel denies the allegations of paragraph 398 of the Complaint.

399.    Mattel denies the allegations of paragraph 399 of the Complaint.

400.    Mattel denies the allegations of paragraph 400 of the Complaint.

401.    Mattel denies the allegations of paragraph 401 of the Complaint.

## RESPONSE TO COUNT THIRTY-SEVEN
## "OHIO TORTIOUS BREACH OF WARRANTY"

402.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

403.    Mattel denies the allegations of paragraph 403 of the Complaint.

404.    Mattel acknowledges that Plaintiffs make various averments in paragraph 404 of the Complaint but Mattel denies them in their entirety.

405.    Mattel acknowledges that Plaintiffs make further averments in paragraph 405 of the Complaint but Mattel denies them in their entirety.

406.    Mattel denies the allegations of paragraph 406 of the Complaint.

## RESPONSE TO COUNT THIRTY-EIGHT
## "NEGLIGENT DESIGN AND FAILURE TO WARN"

407.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

408.    Mattel admits that Fisher-Price designed the Sleeper, sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 408 of the Complaint.

409.    Mattel admits that Fisher-Price designed the Sleeper, sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own

retail store and online site.  Mattel denies the remaining allegations of paragraph 409 of the Complaint.

410.  Mattel denies the allegations of paragraph 410 of the Complaint.

411.  Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint and, therefore, denies the same.

412.  Mattel denies the allegations of paragraph 412 of the Complaint.

413.  Mattel denies the allegations of paragraph 413 of the Complaint.

414.  Mattel denies that it manufactured, distributed, or sold the Sleeper; denies that Fisher-Price manufactured the Sleeper; and denies that the Sleeper had a "problem" or was a defective product.  Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site.  The remaining allegations of paragraph 414 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the remaining allegations of paragraph 414.

415.  Mattel denies the allegations of paragraph 415 of the Complaint.

416.  Mattel denies the allegations of paragraph 416 of the Complaint.

417.  Mattel denies the allegations of paragraph 417 of the Complaint.

## RESPONSE TO COUNT THIRTY-NINE
## "UNJUST ENRICHMENT"

418.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

419.   Mattel denies the allegations of paragraph 419 of the Complaint.

420.   Mattel denies the allegations of paragraph 420 of the Complaint.

421.   Mattel denies the allegations of paragraph 421 of the Complaint.

422.   Mattel denies the allegations of paragraph 422 of the Complaint.

423.   Mattel denies the allegations of paragraph 423 of the Complaint.

424.   Mattel denies the allegations of paragraph 424 of the Complaint.

## G.   CLAIMS OF RESIDENTS OF KENTUCKY

## RESPONSE TO COUNT FORTY
## "VIOLATIONS OF KENTUCKY CONSUMER PROTECTION
## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT"

425.   Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

426.   The allegations of paragraph 426 of the Complaint are legal conclusions for which no response is required.

427.   The allegations of paragraph 427 of the Complaint are legal conclusions for which no response is required.

428.   Mattel denies the allegations of paragraph 428 of the Complaint.

429.   Mattel denies the allegations of paragraph 429 of the Complaint.

## RESPONSE TO COUNT FORTY-ONE
## "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

430.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

431.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 431 of the Complaint.

432.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432 of the Complaint and, therefore, denies the same.

433.    Mattel denies the allegations of paragraph 433 of the Complaint.

434.    Mattel denies the allegations of paragraph 434 of the Complaint.

435.    Mattel denies the allegations of paragraph 435 of the Complaint.

436.    Mattel denies the allegations of paragraph 436 of the Complaint.

437.    Mattel denies the allegations of paragraph 437 of the Complaint.

438.    Mattel denies the allegations of paragraph 438 of the Complaint.

## RESPONSE TO COUNT FORTY-TWO
## "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

439.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

440. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 440 of the Complaint.

441. Mattel denies the allegations of paragraph 441 of the Complaint.

442. Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting. Mattel denies the remaining allegations of paragraph 442 of the Complaint.

443. Mattel denies the allegations of paragraph 443 of the Complaint.

444. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444 of the Complaint and, therefore, denies the same.

445. Mattel denies the allegations of paragraph 445 of the Complaint.

446. Mattel denies the allegations of paragraph 446 of the Complaint.

447. Mattel denies the allegations of paragraph 447 of the Complaint.

## RESPONSE TO COUNT FORTY-THREE
## "BREACH OF EXPRESS WARRANTY"

448. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

449. Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 449 of the Complaint.

450. Mattel denies the allegations of paragraph 450 of the Complaint.

451. Mattel denies the allegations of paragraph 451 of the Complaint.

452. Mattel denies the allegations of paragraph 452 of the Complaint.

453. Mattel denies the allegations of paragraph 453 of the Complaint.

## RESPONSE TO COUNT FORTY-FOUR
## "PRODUCTS LIABILITY
## NEGLIGENT DESIGN AND FAILURE TO WARN"

454. Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

455. Mattel admits that Fisher-Price designed the Sleeper, sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 455 of the Complaint.

456. Mattel admits that Fisher-Price designed the Sleeper, sold the Sleeper to mass merchandise stores nationwide, and also sells the Sleeper through its own retail store and online site. Mattel denies the remaining allegations of paragraph 456 of the Complaint.

457. Mattel denies the allegations of paragraph 457 of the Complaint.

458. Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458 of the Complaint and, therefore, denies the same.

459.     Mattel denies the allegations of paragraph 459 of the Complaint.

460.     Mattel denies the allegations of paragraph 460 of the Complaint.

461.     Mattel denies that it manufactured, distributed, or sold the Sleeper; denies that Fisher-Price manufactured the Sleeper; and denies that the Sleeper had a "problem" or was a defective product.  The remaining allegations of paragraph 461 of the Complaint consist entirely of legal conclusions to which no response is required.  However, if a response is required, Mattel denies the remaining allegations of paragraph 461.

462.     Mattel denies the allegations of paragraph 462 of the Complaint.

463.     Mattel denies the allegations of paragraph 463 of the Complaint.

464.     Mattel denies the allegations of paragraph 464 of the Complaint.

## RESPONSE TO COUNT FORTY-FIVE
## "UNJUST ENRICHMENT"

465.     Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

466.     Mattel denies the allegations of paragraph 466 of the Complaint.

467.     Mattel denies the allegations of paragraph 467 of the Complaint.

468.     Mattel denies the allegations of paragraph 468 of the Complaint.

469.     Mattel denies the allegations of paragraph 469 of the Complaint.

470.     Mattel denies the allegations of paragraph 470 of the Complaint.

471.     Mattel denies the allegations of paragraph 471 of the Complaint.

## H.  CLAIMS OF RESIDENTS OF OKLAHOMA

### RESPONSE TO COUNT FORTY-SIX
### "VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION"

472.  Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

473.  The allegations of paragraph 473 of the Complaint are legal conclusions for which no response is required.

474.  The allegations of paragraph 474 of the Complaint are legal conclusions for which no response is required.

475.  The allegations of paragraph 475 of the Complaint are legal conclusions for which no response is required.

476.  Mattel denies the allegations of paragraph 476 of the Complaint.

### RESPONSE TO COUNT FORTY-SEVEN
### "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

477.  Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

478.  Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 478 of the Complaint.

479.  Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479 of the Complaint and, therefore, denies the same.

480.    Mattel denies the allegations of paragraph 480 of the Complaint.

481.    Mattel denies the allegations of paragraph 481 of the Complaint.

482.    Mattel denies the allegations of paragraph 482 of the Complaint.

483.    Mattel denies the allegations of paragraph 483 of the Complaint.

484.    Mattel denies the allegations of paragraph 484 of the Complaint.

485.    Mattel denies the allegations of paragraph 485 of the Complaint.

### RESPONSE TO COUNT FORTY-EIGHT
### "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

486.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

487.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 487 of the Complaint.

488.    Mattel denies the allegations of paragraph 488 of the Complaint.

489.    Mattel admits that the Sleeper should be used in a normal manner for infants, including sleeping and resting.  Mattel denies the remaining allegations of paragraph 489 of the Complaint.

490.    Mattel denies the allegations of paragraph 490 of the Complaint.

491.    Mattel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491 of the Complaint and, therefore, denies the same.

492.    Paragraph 492 of the Complaint contains no allegations.  To the extent paragraph 492 of the Complaint does contain allegations, Mattel denies them.

493.    Mattel acknowledges Plaintiffs' demand but denies that Plaintiffs are entitled to any relief.

## RESPONSE TO COUNT FORTY-NINE
## "BREACH OF EXPRESS WARRANTY"

494.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

495.    Mattel admits that Fisher-Price sold the Sleeper to mass merchandise stores nationwide and also sells the Sleeper through its own retail store and online site.  Mattel denies the remaining allegations of paragraph 495 of the Complaint.

496.    Mattel denies the allegations of paragraph 496 of the Complaint.

497.    Mattel denies the allegations of paragraph 497 of the Complaint.

498.    Mattel denies the allegations of paragraph 498 of the Complaint.

499.    Mattel denies the allegations of paragraph 499 of the Complaint.

## RESPONSE TO COUNT FIFTY
## "BREACH OF WARRANTY"

500.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

501.    Mattel denies the allegations of paragraph 501 of the Complaint.

502.    Mattel acknowledges that Plaintiffs make various averments in paragraph 502 of the Complaint but Mattel denies them in their entirety.

503.    Mattel acknowledges that Plaintiffs make further averments in paragraph 503 of the Complaint but Mattel denies them in their entirety.

504.    Mattel denies the allegations of paragraph 504 of the Complaint.

## RESPONSE TO COUNT FIFTY-ONE
## "UNJUST ENRICHMENT"

505.    Mattel incorporates by reference and restates its responses to the preceding paragraphs as if set forth fully herein.

506.    Mattel denies the allegations of paragraph 506 of the Complaint.

507.    Mattel denies the allegations of paragraph 507 of the Complaint.

508.    Mattel denies the allegations of paragraph 508 of the Complaint.

509.    Mattel denies the allegations of paragraph 509 of the Complaint.

510.    Mattel denies the allegations of paragraph 510 of the Complaint.

511.    Mattel denies the allegations of paragraph 511 of the Complaint.

## DEFENSES

By way of further response, Mattel sets forth the following separate defenses without assuming the burden of proof that would otherwise rest with Plaintiffs.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted against Mattel and further fails to state facts sufficient to entitle Plaintiffs to any relief whatsoever from Mattel.

## SECOND DEFENSE

The claims asserted on behalf of putative class members are barred, in whole or in part, by applicable statutes of limitations or repose.

## THIRD DEFENSE

Any injury suffered by Plaintiffs or putative class members was the result of the subsequent and superseding and intervening acts of Plaintiffs or such class members or the acts of other third parties over whom Mattel had no control and for whose actions Mattel is not responsible.

## FOURTH DEFENSE

The contributory or comparative negligence, fault, want of due care and/or intentional misconduct of Plaintiffs and putative class members proximately caused and/or was a substantial factor in any injuries or damages alleged by Plaintiffs or such class members and therefore Plaintiffs and putative class

members are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiffs and such class members.

## FIFTH DEFENSE

Some or all of the claims of putative class members are barred by accord and satisfaction.

## SIXTH DEFENSE

Some or all of the claims of putative class members are barred by release.

## SEVENTH DEFENSE

Some or all of the claims made in the Complaint are barred because Plaintiffs and/or members of the putative class lack standing.

## EIGHTH DEFENSE

Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act, applicable regulations, and actions of the Consumer Safety Products Commission in connection with recalls to inspect.

## NINTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by waiver.

## ELEVENTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part by the absence of reliance by Plaintiffs and putative class members on Mattel's skill or judgment or any Mattel representation regarding the Sleeper.

## TWELFTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part by Plaintiffs' failure to provide pre-litigation notice.

## THIRTEENTH DEFENSE

Some or all of the attorneys' fees Plaintiffs request are not authorized by law and not recoverable.

## FOURTEENTH DEFENSE

Some or all of the relief Plaintiffs request may result in multiple recoveries, thereby violating Mattel's due process rights under the United States and/or Alabama Constitutions.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the limitations of actions set out in Ala. Code § 6-5-501 and § 6-5-521 and/or the sealed container doctrine.

## SIXTEENTH DEFENSE

Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages that violate the Excessive Fines Clause of the Eighth Amendment to

the United States Constitution and the Alabama Constitution's prohibition against excessive penalties and/or similar provisions in other state constitutions.

## SEVENTEENTH DEFENSE

Some or all of the claims in the Complaint are barred because Plaintiffs are not in privity with Mattel.

## EIGHTEENTH DEFENSE

Some or all of the claims in the Complaint are barred to the extent Plaintiffs seek damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## NINETEENTH DEFENSE

Plaintiffs or any putative class members are not entitled to recover punitive or exemplary damages because the requirements of applicable law regarding such damages are not met by the facts set forth in the Complaint.

## TWENTIETH DEFENSE

Mattel pleads the 1999 Amendment to Ala Code § 6-11-21 and the cap on punitive damages contained therein.

## TWENTY-FIRST DEFENSE

With respect to Plaintiffs' demand for punitive damages, Mattel specifically incorporates by reference all standards and/or limitations concerning the determination and enforceability of punitive damage awards which arose in the

decision of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), together with all such standards applicable under Alabama law. Plaintiffs' claims for punitive damages cannot be upheld to the extent they violate or contravene the holdings of these cases.

## TWENTY-SECOND DEFENSE

The Complaint is devoid of facts sufficient to constitute a cause of action against Mattel for punitive or exemplary damages.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages are barred or limited by Ala. Code §§ 6-11-20 & 6-11-21.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiffs seek to assert claims under state law on behalf of a nationwide class, some or all of the putative class members outside the state lack standing to assert such claims.

## TWENTY-FIFTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part because Mattel's conduct was not unlawful.

## TWENTY-SIXTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part because Mattel's conduct was not unfair.

## TWENTY-SEVENTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part because Mattel's conduct was not misleading.

## TWENTY-EIGHTH DEFENSE

Mattel intends to rely on any additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise, and, thus, reserves the right to amend its Answer to assert such additional defenses.

## <u>DEMAND FOR JURY TRIAL</u>

Mattel demands a trial by jury of all claims triable by a jury.

Respectfully submitted on this 16th day of March, 2015.

*/s/ Sharon D. Stuart*
Richard E. Smith
Sharon D. Stuart
Jeremy L. Carlson

Attorneys for Defendants, FISHER-PRICE, INC. and MATTEL, INC.

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
Telephone:  (205) 795-6588
Fax:  (205) 328-7234
Email:   res@csattorneys.com
            sds@csattorneys.com
            jlc@csattorneys.com
and

Erik K. Swanholt, Esq.
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071
Telephone:  (213) 489-3939
Email:  ekswanholt@jonesday.com

Peter J. Biersteker, Esq.
**JONES DAY**
51 Louisiana Avenue  NW
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Email:  pbiersteker@jonesday.com

LAI-383234626v2