IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JASON DANE HARRIS and RACHEL MARIE DABBS HARRIS, as next friend of P.D.H., on behalf of themselves and all others similarly situated,** ] ] ] ] ] | |
| **Plaintiffs,** ] | Case No.: 1:13-cv-00076-KOB |
| ] | |
| v. ] | |
| ] | |
| **FISHER-PRICE, INC., MATTEL, INC., et al.,** ] ] | |
| **Defendant.** | |

### MEMORANDUM OPINION

This matter is before the court on "Plaintiffs' Motion for Class Certification." (Doc. 150). The court held a hearing on this Motion on February 2, 2016. For the reasons stated on the record at that hearing, and as summarized below, the court will DENY the Plaintiffs' Motion.

In their Motion for Class Certification, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiffs moved to certify two nationwide classes: one of purchasers who purchased the sleeper at issue in this case before January 9, 2013 and one of gift recipients who acquired the sleeper before January 9, 2013. Each nationwide class would have eight subclasses for purchasers and gift recipients from the states of Alabama, California, Florida, Idaho, Kentucky, Ohio, Oklahoma, and Massachusetts.

Plaintiffs moved to certify these classes for all of the claims set out in their Fourth Amended Complaint. These claims include claims for violations of the Magnuson-Moss Warranty Act, breaches of implied and express warranties under each of the eight states' laws,

breaches of the warranty of fitness for a particular purpose under each state's law, violations of each state's consumer protection laws, unjust enrichment, negligent design and failure to warn under California and Ohio law, negligence and wantonness under California law, and tortious breach of warranty under Ohio law.

For the court to certify a class under Federal Rule 23(a),

> [T]he party seeking certification must demonstrate, first, that: '(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class.'

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2548 (2011) (quoting Fed. R. Civ. P. 23(a)).

Next, the party seeking certification "must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 131 S. Ct. at 2548. The Plaintiffs in this case sought certification under Federal Rule of Civil Procedure 23(b)(3), which requires Plaintiffs to show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

At the hearing held on February 2, 2016, the court found that the Plaintiffs failed to satisfy the class certification requirements of Federal Rule of Civil Procedure 23 in several different ways.

First, the court found that the classes outlined by the Plaintiffs did not meet the implicit threshold requirements of Federal Rule of Civil Procedure 23 because the classes were not

adequately defined. *See Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)) ("Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'").

In their Motion, Plaintiffs sought certification of two nationwide classes, with eight subclasses each, for all claims in the Plaintiffs' Fourth Amended Complaint, for both liability and damages. However, at the hearing, Plaintiffs admitted that they were no longer seeking certification for many of these classes.

First, Plaintiffs agreed that the named plaintiffs from Kentucky were no longer participating in the suit, so they would not be pursuing certification of the Kentucky subclasses. Next, Plaintiffs conceded that the class should be certified for liability only, not for damages, and that state law privity requirements precluded certification of the class for all warranty claims, except for those in the subclasses of Massachusetts and California. Plaintiffs further agreed that no basis existed for certification of a national class because they had conceded that the Magnuson-Moss Warranty claim, the Plaintiffs' only claim under federal law, was not fit for class certification.

Based on these concessions, Plaintiffs moved to orally modify their Motion to include only the seven state subclasses (excluding the Kentucky subclasses and the national classes), for liability only, and to exclude the warranty claims, except claims from the states of Massachusetts and California. The court allowed the Plaintiffs to orally modify their Motion and proceeded with its evaluation of the modified classes.

The court next found that the Plaintiffs did not have a plaintiff representative with

standing to raise the claims for each subclass. *See Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("At least one named class representative [must have] Article III standing to raise each class subclaim."). The court found that the Plaintiffs did not have a class representative for the Florida, Ohio, or Oklahoma *purchaser* subclasses, or the Massachusetts or Idaho *gift recipient* subclasses. Accordingly, the court denied certification as to these subclasses.

Next, the court found that the gift recipient subclasses could not be certified because those subclasses included people who had sustained no injury, such as, for example, people who had received the sleeper as a gift, used it without experiencing a defect, and then resold the product to someone else. Plaintiffs were unable to provide any explanation of how such recipients were injured. Therefore, the court denied the Plaintiffs' Motion as to the gift recipient subclasses.

Then, as to the remaining subclasses – the Alabama, Idaho, and Massachusetts purchasers – the court found that the plaintiffs had not demonstrated that the classes were clearly ascertainable. Plaintiffs argued that they could ascertain the subclasses using the sales details from Fisher-Price about sales to third-party retailers. Plaintiffs suggested that they could subpoena the third-party retailers, such as Wal-Mart and Target, to find out the required customer information and could also use the information used to identify customers during the recall, such as customer registration cards and customer complaints. Plaintiffs, however, made no showing of what customer information was actually recorded by third party retailers and provided no evidence to demonstrate how many customers could be identified using these methods. The court, therefore, found that Plaintiffs' proposed methods did not provide an "administratively feasible" way to identify class members. *See Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946

(11th Cir. 2015) (citations omitted) ("Identifying class members is administratively feasible when it is a 'manageable process that does not require much, if any, individual inquiry.'").

Finally, the court found that the Plaintiffs had not demonstrated that "common questions of law or fact common to class members *predominate* over any questions affecting only individual members," as required for class certification under Federal Rule of Civil Procedure 23(b)(3) (emphasis added). *See also Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004)) ("Common issues of fact and law predominate if they 'ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'").

In their Motion for Class Certification, Plaintiffs did not set out the elements of the claims for which they sought certification. Defendants, however, in response, pointed to several elements within Plaintiffs' claims, such as reliance and privity, that would require individual inquiries and could not be answered as common questions. The court also noted that, regarding Plaintiffs' unjust enrichment claims, "common questions will rarely, if ever, predominate an unjust enrichment claim." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009). The court concluded that, because the Plaintiffs had made no showing of the required elements of the claims, they had not demonstrated how the common elements predominated over the individual elements, and, therefore, the class could not be certified under Federal Rule of Civil Procedure 23(b)(3).

Accordingly, as stated on the record and as outlined in this Opinion, the court finds that the Plaintiffs have not satisfied the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Therefore, the court will DENY Plaintiffs' Motion for Class

Certification, both as written and as orally modified in the hearing held on February 2, 2016. The case will continue with the Plaintiffs' individual claims.

    DONE and ORDERED this 5th day of April, 2016.

                                                  _____
                                                  KARON OWEN BOWDRE
                                                  CHIEF UNITED STATES DISTRICT JUDGE